UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MELTEM MIRALOGLU GRADY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-cv-04185-SLD-RLH |
| | ) |
| OGUZ KAMIL SAFOGLU, ULKU GOZEN, HALIL IBRAHIM YILDIZ, ONUR AKAY, METIN SERBEST, THOMAS ROBERT GRADY, and PATRICK ALAN GRADY, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

MERIT REVIEW ORDER

The matter comes before the Court for screening of Plaintiff Meltem Miraloglu Grady's complaint, ECF No. 1,[1] and for ruling on her motion for leave to proceed without prepaying fees or costs, ECF No. 2.  For the reasons that follow, the motion is GRANTED, but the complaint is DISMISSED WITHOUT PREJUDICE.

I.   **Motion for Leave to Proceed Without Prepaying Fees or Costs**

28 U.S.C. § 1915(a)(1) allows a court to authorize commencement and prosecution of a suit without prepayment of fees by a person who submits an affidavit stating her assets and that she is unable to pay such fees. *See Holly v. Wexford Health Servs., Inc.*, 339 F. App'x 633, 635–36 (7th Cir. 2009).  Plaintiff has submitted an affidavit signed under penalty of perjury which demonstrates that she is unable to pay the costs of the proceeding.  *See* Mot. Leave Proceed 1–5.  Her motion to proceed without prepaying costs and fees is therefore GRANTED.

---

[1] The Court uses the page numbers generated by CM/ECF when citing to the complaint because it is inconsistently paginated.

II. **Merit Review**

a. **Background**

Plaintiff was an actress in Turkey. *See* Winona Whitaker, *Turkish actress finds childhood dream in rural Illinois*, Clinton Herald (Mar. 17, 2020), https://www.clintonherald.com/news/local_news/turkish-actress-finds-childhood-dream-in-rural-illinois/article_76158c4a-6876-11ea-a6e4-33a0d7194b3e.html. Her complaint is difficult to decipher in places and contains many conclusory statements accusing Defendants of misconduct like stealing "all [her] rights" and her time, making her lose her job, causing her to lose rights related to immigration, and physically and sexually abusing her. *See, e.g.*, Compl. 3–4.[2] Taking the specific factual allegations as true and viewing them in the light most favorable to Plaintiff, *see Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011), the Court understands Plaintiff to be complaining as follows.

i. Defendants Oguz Kamil Safoglu and Ulka Gozen

Plaintiff met Defendants Oguz Kamil Safoglu and Ulku Gozen, who live together, by phone on April 14, 2019. Compl. 2. Gozen and Safoglu deceived her into traveling alone from Clifton, New Jersey to Cordova, Illinois by bus. *Id.* Plaintiff's "body was covered in bruises and [she] was not in a position to think clearly . . . when [she] arrived [in] Cordova," but she does not specify who caused the bruises. *Id.* Plaintiff told Gozen and Safoglu that she was going to apply for an "EBI visa," *id.*, presumably meaning to refer to an EB-1 employment-based visa. Gozen

---

[2] Plaintiff filed a lawsuit against the same Defendants in the District of New Jersey. *See* Am. Compl., *Miraloglu v. Safoglu*, No. 1:25-cv-00559-RMB-EAP (D.N.J. Feb. 3, 2025). The case was dismissed for lack of subject matter jurisdiction; Plaintiff sued under 42 U.S.C. § 1983, but none of the Defendants were state actors. Opinion 2, *Miraloglu v. Safoglu*, No. 1:25-cv-00559-RMB-EAP (D.N.J. Feb. 11, 2025). The court found in the alternative that the complaint should be dismissed under Federal Rule of Civil Procedure 8 because it was "so incomprehensible, and rambling and unclear as to defy a response." *Id.* at 2 n.1 (quotation marks omitted).

and Safoglu told Plaintiff they wanted her "file" and personal identification for the EB-1 visa application but then confiscated it. *Id.*

Plaintiff stayed at Gozen and Safoglu's house even though she told them that she did not need to because she had approximately $8,000 in her bank account. *See id.* at 2–3. Gozen and Safoglu "started inviting many elderly American men to their house and introduced [her] to them[,] [a]nd forced [her] to have sex with them." *Id.* at 2. "They sold [her] to their neighbor," Defendant Patrick Alan Grady ("Patrick"), who was eighty to eighty-five years old. *Id.* Gozen and Safoglu took pictures of her with elderly men and sold them to media outlets worldwide for money, working with Defendant Onur Akay, their friend. *Id.* at 2–3.

Safoglu and Gozen, along with Akay, are "responsible for ending [her] career" and "are trying to conceal their criminal crimes under the guise of press." *Id.* at 3.

   ii. Defendant Onur Akay

Akay makes "speeches on television [i]n Turkey" about her and worked with Safoglu and Gozen to end her career. *Id.*

   iii. Defendant Halil Ibrahim Yildiz

Plaintiff met Yildiz in December 2018, just twelve days after arriving in the United States for the first time. *Id.* at 4. Yildiz, who is an Uber driver, electrician, and Turkish soldier, "[f]orced her to kill [her] husband many times"; broke her nose; "[a]imed to kill [her]" by infecting her with HPV; got her pregnant without permission; and took her money. *Id.* Plaintiff had an abortion. *Id.* Yildiz met with Gozen, Safoglu, and Defendants Metin Serbest, Patrick Alan Grady, and Thomas Robert Grady "but they lied to [her]." *Id.* Plaintiff suggests that Yildiz was sentenced to 32 years in prison for attempted murder and rape in 2019 but also that the judge

that sentenced Yildiz to prison "ordered that if [Plaintiff] complained about [Yildiz] again, [Yildiz] would be arrested without trial." *Id.*

iv.  Defendants Patrick Alan Grady and Thomas Robert Grady

Patrick was Plaintiff's husband. *Id.* at 4, 8. Patrick first said he would adopt Plaintiff but then married her. *Id.* at 8. While married, Patrick raped, beat, and threatened Plaintiff. *Id.* Defendant Thomas Robert Grady ("Tom") is Patrick's brother. *Id.* at 4, 8. Before Patrick died, Tom forced him to sign documents leaving all of his assets to Tom rather than Plaintiff. *Id.* at 8. Tom also forged documents to take Plaintiff's name off the deed to her house, forced Patrick to file for divorce from Plaintiff, destroyed her immigration file, took important items from her home, and left her homeless. *Id.*

v.  Defendant Metin Serbest

Serbest is an immigration lawyer. *Id.* at 5. The only allegation Plaintiff makes about him is that she has "proof" that he "connected with the Ira[q] project team" before she met him. *Id.* In a margin, she alleges that she was in "an-anti-Turkish movie in Ira[q]" which is "considered a major offense . . . in Turkey in America too." *Id.* Presumably, then, she means that Serbest was in contact with the team that made that movie.

vi.  Relief Sought

As relief, Plaintiff requests: 1) "an official order allowing [her] to return right away to [her] marital residence"; 2) that her "U.S.A. passport be right away released and delivered to [her]" in the courtroom; 3) compensatory damages; 4) punitive damages; 5) "that the full amount of [her] late husband's retirement benefits be paid to [her] forever"; 6) "that the title (deed) of [her] marital residence be returned back to [her] name again"; 7) and that her "late husband[']s

4

brother be required to return all mar[]ital assets that were jointly owned during [her] marriage including vehicles and other property." *Id.* at 9.

### b. Discussion

#### i. Legal Standard

The court must dismiss a complaint brought by an individual proceeding without prepayment of costs and fees if it determines the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining if a complaint fails to state a claim under § 1915(e)(2)(B)(ii). *Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Thus, the court takes all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *Arnett*, 658 F.3d at 751. The court must dismiss a suit if at any time it determines it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

#### ii. Analysis

Plaintiff fails to identify a proper basis for the Court to exercise jurisdiction. As bases for jurisdiction, the complaint invokes 42 U.S.C. § 1983, mandamus, and 28 U.S.C. § 1331.[3] Compl. 1.

28 U.S.C. § 1331 provides district courts with jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff relies on 42 U.S.C. § 1983, a federal law that provides a cause of action against "[e]very person who, under color of

---

[3] The complaint also invokes 28 U.S.C. § 1343(a)(3). Compl. 1. But § 1343(a)(3), which provides district courts with jurisdiction over "civil rights claims against state actors[,] . . . has had no legal effect since 1976, when Congress amended § 1331 to eliminate any amount-in-controversy requirement." *Myles v. United States*, 416 F.3d 551, 554 (7th Cir. 2005).

any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." But Plaintiff clearly fails to state a claim for relief under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). While Plaintiff checked boxes indicating that she believes Defendants violated her civil rights, Compl. 7, she has sued only private individuals. "Private action can become state action when private actors conspire or are jointly engaged with state actors to deprive a person of constitutional rights." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009). But Plaintiff does not allege that Defendants worked together with government actors to deprive her of any rights, so she cannot state a claim under § 1983.

Plaintiff also mentions "mandamus writ of USCIS." Compl. 1 (capitalization altered). A writ of mandamus "compel[s] the performance of a duty resting upon the person to whom the writ is sent." *United States v. Boutwell*, 84 U.S. 604, 607 (1873). The writ of mandamus has been abolished. Fed. R. Civ. P. 81(b). But 28 U.S.C. § 1361 provides district courts with jurisdiction over actions "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Plaintiff's reference to USCIS—presumably meaning United States Citizenship and Immigration Services—suggests she could be suing under this statute, but she does not name USCIS or any federal officer as a defendant in her complaint. And even if she did, she does not allege that USCIS owes her a "clear nondiscretionary duty" as would be required to obtain relief under § 1361. *See Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

Because a "plaintiff is not required to plead . . . legal theories or cases or statutes," *Shah v. Inter-Cont'l Hotel Chi. Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002), the Court considers whether Plaintiff could state another type of claim. The Court discerns no federal claim that Plaintiff could be asserting against Defendants.

Perhaps Plaintiff could assert state tort claims against some Defendants. The Court has original diversity jurisdiction over state law claims—meaning that the Court can exercise jurisdiction over the claims even without a federal claim—where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C. § 1332(a)(1). For a court to exercise diversity jurisdiction, there must be complete diversity between the parties. *Pain Ctr. of SE Ind. LLC v. Origin Healthcare Sols. LLC*, 893 F.3d 454, 458 (7th Cir. 2018). This means "that no plaintiff may be a citizen of the same state as any defendant." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (quotation marks omitted). Citizenship of an individual person is based on her "domicile"—in other words, "the state in which [she] intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).

Plaintiff's complaint does not plausibly allege a basis for the Court to exercise diversity jurisdiction because she does not identify a total amount in controversy or allege that the parties are completely diverse. While she alleges that she is a citizen of Illinois, Compl. 1, she does not allege the domicile or citizenship of any Defendant. If any Defendant is an Illinois citizen, the Court cannot exercise jurisdiction over this case. For Plaintiff's benefit, the Court also notes that it lacks jurisdiction to alter the division of assets from a divorce or probate proceeding. *Cf. Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018); *Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 859–60 (7th Cir. 2007).

Generally, courts should allow plaintiffs at least one opportunity to amend their complaints before dismissing their actions entirely. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). Plaintiff may file an amended complaint setting forth a plausible basis for the Court's exercise of jurisdiction by November 26, 2025. If Plaintiff chooses to file an amended complaint, she is advised to follow the requirements of Federal Rule of Civil Procedure 8(a)(2) and set forth "a short and plain statement" of her claims. Plaintiff's complaint includes too many conclusory statements like "Defendants committed crimes" or "Defendants stole all of my rights." Any amended complaint must include allegations regarding what each Defendant did to wrong Plaintiff. But Plaintiff need not include all the facts possibly relevant to her claims—too much detail can make it difficult to understand what the actionable wrong is. *See Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." ). Plaintiff must provide only enough detail about her claims to state a plausible claim for relief and provide each defendant with notice of what the claims against him are. *See Hahn v. Walsh*, 762 F.3d 617, 632 (7th Cir. 2014). If Plaintiff does not file an amended complaint by the deadline, her suit will be dismissed without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

Accordingly, Plaintiff Meltem Miraloglu Grady's motion for leave to proceed without prepaying fees or costs, ECF No. 2, is GRANTED. Her complaint, ECF No. 1, is DISMISSED for lack of subject matter jurisdiction. Plaintiff may file an amended complaint setting forth a plausible basis for the Court's exercise of jurisdiction by November 26, 2025. If she fails to do

so, the Court will dismiss this case without prejudice.  The Clerk is directed to email a copy of this Order to Plaintiff at the email address listed in her complaint.

Entered this 27th day of October, 2025.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
